## No. 3.

JONATHAN EMERY *against* INHABITANTS OF WASHINGTON.

*Orange*, 1818.

IN an action on the case, against a town, to recover damages for an injury, susatined by a public highway being out of repair in a town, the plaintiff may prove the road to be a public highway, by parol evidence; that the Select men of the town laid out and opened said highway, that said road had ever since been used as a public highway, and that work had been done upon it, in the same manner as on other public highways, in said town, although there was no survey-bill, of said road, recorded.

THIS was an action on the case, for damage done to plaintiff's horse, by a public highway being out of repair, in the town of Washington.

On the trial, the plaintiff, to make out his case, offered to prove, by parol, that in the fall of 1812, the Select men of Washington laid out and opened said highway, and from that time to the present, had used said road as a public highway, and work had been done on it in the *same manner* as on other highways, in said town, but there was no survey recorded.

The defendants objected to parol evidence, and contended the *only* proper evidence was the record or copy of it from the Town Clerk's Office.

The evidence was admitted.

Verdict for plaintiff, and exceptions taken to the opinion of the Court.

In support of the exceptions, *Marsh* and *Hutchinson*, for defendants, contended :

That a road, laid out, never becomes a *highway* until surveyed, and the survey recorded, according to law, unless it has been used as such from time immemorial, or at least fifteen years, which, in this State, is the criterion of possessions in general ; it must appear from the returns of the Select men, that they acted *officially*, and this can be shewn only by the return of their proceedings ; nothing can be intended or implied from the acts of a corporation, as of an individual. A neglect to record, would be reason for an application to the County Court.

They cited Colden v. Thurston, 2 Johnson's Reports 424.

R

Gallelin v. Gardner, 7 Do: 106. Commonwealth v. Merrick, 2 Mass. R. 529. .

*Contra. Baylies* and *Smith :*

1. The Statute says, the Select men have power to *lay out* and *open* roads ; it further says, "every highway or road, which shall in future be laid out, or opened, shall be actually *surveyed* and a survey thereof, made out, entered and recorded in the Town Clerk's Office, of the town where such highway or road lies," &c.

*Laying out, opening,* and *surveying,* are distinct acts ; *laying out,* and *opening,* are acts which can be proved by parol *only ;* a survey may be made and recorded; still it would not prove that the road was *laid out* and *opened* by the Select men, or that work had been done upon it, and it had for years been treated as a public highway, by the inhabitants of the town. When the Select men laid out and opened the road, it was a public road, in *fact,* and in *law ;* although they omitted to cause a survey to be made and recorded, ascertaining the breadth, &c. This part of the Act which requires such survey, is merely directory to the Select men, and their omission, *in this,* will not invalidate their *other* acts which made the road a public highway. 11 Johnson 403. 5 Cranch 242. 11 Mass. 447.

The traveller is to loose no right, by the neglect of the Select men, and they are to take no advantage of their own wrong: Parol evidence is the *best,* and *only* evidence in the plaintiff's power. 9 Mass. 312. 4 Binney 186.

Opinion of the Court :

The official acts of the officers, of the town, recognizing a road as a public highway, are proper evidence to charge the town with damage, sustained by a traveller, by reason of such highway being out of repair ; and the parol evidence was properly admitted.

New trial not granted.

See Evidence 2. Joinder 2.